UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MTGLQ Investors, L.P., | No. 2:15-cv-2317 KJM AC (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RICHARD CAMPBELL, STEPHANIE CAMPBELL, STEPHEN HARMON, and DOES 1-5, | |
| Defendants. | |

    This is an unlawful detainer case that was originally filed in the Sacramento County Superior Court. Defendants, proceeding pro se, filed a Notice of Removal in this court, and a request to proceed in forma pauperis. ECF Nos. 1, 2. Plaintiff filed a motion to remand this matter back to the Superior Court. ECF No. 4. The matter was referred to the undersigned by E.D. Cal. R. 302(c)(21), and ECF No. 7 (Minute Order).

    This matter was initially heard on January 27, 2016. At the hearing, plaintiff's counsel advised the court of a possibly related bankruptcy matter. See In re Gulliver Campbell, Bankr. No. 15-29505 (Bankr. E.D. Cal. Jan. 7, 2016). Counsel cautioned that perhaps the court should not act until it was established that there was no bankruptcy stay in place under 11 U.S.C. § 362(a). The hearing was therefore continued to March 2, 2016, so that the parties would have a chance to address the bankruptcy matter. ECF No. 10 (attached). Plaintiff has now obtained

1

1   relief from the automatic stay.  See In re Gulliver Campbell, Bankr. No. 15-29505 (ECF No. 28)
2   (Bankr. E.D. Cal. Feb. 16, 2016).

3   I.  IFP APPLICATION

4   Defendants seek permission to proceed in forma pauperis ("IFP").  ECF No. 2.  However,
5   the IFP application is incomplete.  The questions about bank accounts, assets and dependents are
6   blank.  In addition, there are three defendants, but only one of them (Richard Campbell) has
7   submitted an IFP application.  Normally, such a request would be denied by the undersigned by
8   order, and defendants would be given the option of paying the filing fee or re-submitting the IFP
9   request.  However, as discussed below, the undersigned finds that the court's lack of federal
10  jurisdiction is plain from the face of the complaint.  Accordingly, the undersigned recommends
11  that the IFP request be considered moot.

12  II.  ANALYSIS

13  Plaintiff argues that the action should be remanded to state court on the following
14  grounds: (1) there is no federal question jurisdiction under 28 U.S.C. § 1331, because no federal
15  claim appears on the face of the complaint; (2) there is no diversity jurisdiction under 28 U.S.C.
16  § 1332(a), because the case involves less than the jurisdictional minimum of $75,000; (3) removal
17  is barred under the "forum defendant" rule of 28 U.S.C. § 1441(b)(2), because defendant is a
18  citizen of California; and (4) removal was untimely under 28 U.S.C. § 1446(b)(1), because
19  defendants filed the notice of removal more than 30 days after being served with the complaint.

20  A.  The Law Governing Removal

21  > A defendant who is sued in state court may remove the action to
22  > federal court on various grounds, such as if the case presents a
23  > federal question under 28 U.S.C. § 1331, or if the requirements for
    > diversity of citizenship are met under 28 U.S.C. § 1332.

24  Jordan v. Nationstar Mortgage LLC, 781 F.3d 1178, 1181 (9th Cir. 2015).

25  Here, defendant alleges that "[t]his court has original jurisdiction over the matter pursuant
26  to 28 U.S.C. § 1331."  ECF No. 1 (complaint) at 2 ¶ 5.  He also alleges that "[t]here is complete
27  diversity of citizenship between the parties," and "the amount in controversy more likely than not
28  ////

1  exceeds $75,000," thus giving the court diversity jurisdiction under 28 U.S.C. § 1332. Id. at 1, 2
2  ¶ 6.

3        It is defendants' burden, as the removing party, to establish that the court may exercise
4  jurisdiction over the case. See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,
5  599 F.3d 1102, 1106-07 (9th Cir. 2010) (when removing "on the basis of diversity jurisdiction,
6  the proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the
7  evidence, that removal is proper"); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393-94 (9th
8  Cir. 1988) (when removing on the basis of "federal question" jurisdiction, "[t]he party invoking
9  the removal statute bears the burden of establishing federal jurisdiction"). Moreover, "[i]f *at any*
10 *time before final judgment* it appears that the district court lacks subject matter jurisdiction, the
11 case shall be remanded." 28 U.S.C.A. § 1447(c) (emphasis added); Smith v. Mylan Inc., 761
12 F.3d 1042, 1044 (9th Cir. 2014) (same).

13     B. Jurisdictional Defects
14         1. Federal question jurisdiction

15     The complaint contains a single claim for "Unlawful Detainer" brought solely under state
16 law, namely, Cal. Civ. Proc. Code §§ 1161a and 1161b. ECF No. 1 at 7-9. The complaint asserts
17 no basis for federal question jurisdiction. Accordingly, there is no federal question jurisdiction
18 here. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009)
19 ("the federal question must 'be disclosed upon the face of the complaint . . ..'") (quoting Phillips
20 Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974) (per curiam)); Aldea Homes, Inc. v.
21 Nole, 2013 WL 1192773 at *2, 2013 U.S. Dist. LEXIS 40704 at *4-5 (E.D. Cal. 2013) (Mueller,
22 J.) ("Federal question jurisdiction is not viable because plaintiffs' complaint in Placer County
23 Superior Court contains a single state-law claim for unlawful detainer under California Code of
24 Civil Procedure § 1161").

25         2. Diversity jurisdiction – jurisdictional minimum

26     Plaintiff asserts that the court lacks diversity jurisdiction because the action does not
27 involve an amount in controversy in excess of $75,000.
28 ////

> Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.

Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Defendants have not met their burden to establish the jurisdictional amount, and it appears that they cannot do so.

The underlying unlawful detainer complaint here: (1) is entitled "Limited Civil Case;" (2) states that "The Amount Demanded Does Not Exceed $10,000;" and (3) seeks $30 per day in holdover damages from September 18, 2015 – which comes to less than $5,000 to date – and "possession" (not title) of the property. In California, "a civil case in which the damages claimed are $25,000 or less is a limited civil action." AP-Colton LLC v. Ohaeri, 240 Cal. App. 4th 500, 505, 192 Cal. Rptr. 3d 754, 756 (4th Dist. 2015) (citing Cal. Civ. Proc. Code § 86(a)(1)). "This includes an unlawful detainer proceeding in which the damages claimed are $25,000 or less." Id. (citing Cal. Civ. Proc. Code § 86(a)(4)).

"In a limited civil action, *the judgment cannot exceed $25,000*." Id. (emphasis added) (citing Cal. Civ. Proc. Code § 580 (b)(1)); Cal. Civ. Proc. Code § 85(a) ("An action or special proceeding shall be treated as a limited civil case if . . . [t]he amount in controversy does not exceed twenty-five thousand dollars ($25,000)"). Also, the proceeding cannot result in a "determination of title to real property." Cal. Civ. Proc. Code § 580(b)(3). Therefore, the value of the property involved does not determine the amount in controversy. See, e.g., U.S. Bank Nat'l Ass'n v. Llopis, 2012 WL 1455191 at *4, 2012 U.S. Dist. LEXIS 58755 at *14 (E.D. Cal. 2012) (Kendall, J.) ("district courts have consistently rejected such attempts to calculate the amount in controversy in removed unlawful detainer actions by looking to the value of the property"), adopted, 2012 WL 2839898, 2012 U.S. Dist. LEXIS 94655 (E.D. Cal. 2012) (England, J.).

The face of the complaint thus shows that this is a case involving less than the $75,000 jurisdictional minimum. The case should therefore be remanded under 28 U.S.C. § 1447(c), for lack of federal jurisdiction.

C. Procedural Defects – "Forum Defendant" Rule & Timeliness

Plaintiff asserts in his Notice of Removal that he "is a citizen of California, residing in Sacramento County." ECF No. 1 at 2 ¶ 6(b). Removal based upon diversity jurisdiction is barred if the defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); Spencer v. U.S. Dist. Court for N. Dist. of Ca., 393 F.3d 867, 870 (9th Cir. 2004) ("the presence of a local defendant at the time removal is sought bars removal"). Defendant's California citizenship presents a procedural defect, rather than a jurisdictional one. Lively, 456 F.3d at 939 (regarding the forum defendant rule, "this additional limitation on diversity-based removal jurisdiction is a procedural, or non-jurisdictional, rule").

In addition, plaintiff asserts that defendants untimely removed the action by filing the Notice of Removal after the 30-day period for removing had lapsed. See 28 U.S.C. § 1446(b)(1) ("[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based). This is also a procedural defect. Maniar v. F.D.I.C., 979 F.2d 782, 784 (9th Cir. 1992) ("[w]e hold that untimely removal is a procedural defect and not jurisdictional").

In light of the lack of federal jurisdiction over this action, the undersigned does not recommend addressing the issues raised by: (1) *defendant's* above-mentioned procedural defects; (2) *plaintiff's* subsequent failure to file a remand motion within the 30 days provided by 28 U.S.C. § 1447(c),[1] and the effect, if any, of the automatic bankruptcy court stay on plaintiff's failure to do so; and (3) *defendants'* subsequent failure to object to plaintiff's failure to file a timely remand motion.

---

[1] See N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995) ("the district court had no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal"); Spencer, 393 F.3d at 942 (violation of a the "forum defendant" rule "constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)). The 30-day deadline does not apply to motions to remand for lack of subject matter jurisdiction. Flam v. Flam, 788 F.3d 1043, 1048 (9th Cir. 2015) ("Section 1447(c) states that '[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal' but that a remand based on lack of subject matter jurisdiction may be made at any time").

III.  RECOMMENDATION

For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's Motion to Remand (ECF No. 4), should be GRANTED;

2. This action should be REMANDED to state court pursuant to 28 U.S.C. § 1447(c), for lack of federal jurisdiction; and

3. The IFP application (ECF No. 2), should be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Any response to the objections shall be filed and served within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 3, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE